UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.  **DECISION AND ORDER**
 09-CR-260S

JULIAN V. WADE,

    Defendant.

1. On February 13, 2012, Defendant filed a Motion to Convert Sentencing to a Status Conference. (Docket No. 150.) Specifically, Defendant requests that the sentencing, scheduled for Thursday, February 16, 2012, be converted to a status conference because he cannot file a sentencing memorandum until this Court issues a decision on his objection (Docket No. 147) to the Pre-Sentence Report ("PSR").

2. On February 10, 2012, a revised PSR was submitted which determined that, as a result of his conviction on December 21, 2010, Defendant was subject to a mandatory minimum term of ten years imprisonment on Count 1 of the Indictment, which charged him with a violation of 21 U.S.C. § 841(a), § 841(b)(1)(B), and § 851, for possessing, with intent to distribute, five grams or more of cocaine. Defendant contends in his objection that pursuant to the Fair Sentencing Act, his possession of 8.67 grams of cocaine base would not trigger the mandatory minimum 10 year sentence, nor the statutory minimum 5 year sentence. The Government has taken the position that the new mandatory minimum sentencing provisions apply to all sentencings that occur on or after August 3, 2010, regardless of when the offense conduct took place.

3. The Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (amending 21 U.S.C. § 841), reduced sentences for certain crack cocaine offenses. Considering the decision in United States v. Acoff, 634 F.3d 200 (2d Cir. 2011), this Court finds that the Fair Sentencing Act does not apply to Defendant. Defendant's conduct occurred on May 11, 2009. The Fair Sentencing Act was enacted on August 3, 2010. As the court in Acoff held, "[i]t is not irrational for Congress to impose a penalty on those who committed their offenses at a time when they knew or should have known the severity of the applicable penalty, even while reducing the penalty as to future offenders." Id. at 202. In Acoff the Defendant committed his crimes prior to the date on which the Fair Sentencing Act took effect. Similarly here, Defendant's criminal conduct occurred prior to August 3, 2010. Accordingly, this Court will deny Defendant's objection. See United States v. VanHoesen, No. 10-0713-CR, 2011 WL 6117294, at *5 n. 2 (2d Cir. Dec. 9, 2011) (citing Acoff, 634 F.3d at 202) (summary order); United States v. Diaz, 627 F.3d 931 (2d Cir. 2010).

4. Having determined that Defendant's objection to the PSR will be denied, this Court nevertheless agrees that Defendant's Thursday, February 16, 2012 sentencing date should be moved to accommodate counsel and permit the filing of a sentencing memorandum.

IT HEREBY IS ORDERED, that Defendant's Objection to the PSR (Docket No. 147) is DENIED.

FURTHER, that sentencing for Defendant, previously scheduled for Thursday, February 16, 2012 is ADJOURNED and rescheduled for March 7, 2012 at 11:00 a.m.

FURTHER, that the parties shall file any sentencing memoranda by Tuesday, March 1, 2012.

SO ORDERED.

Dated: February 14, 2012
       Buffalo, New York

                                                                 /s/William M. Skretny
                                                      WILLIAM M. SKRETNY
                                                          Chief Judge
                                             United States District Court